Filed 12/5/13  Soules v. Hoofprints of the Heart Adaptive Riding Center CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| BARBARA SOULES,<br><br>　　Plaintiff and Appellant,<br><br>　　v.<br><br>HOOFPRINTS ON THE HEART ADAPTIVE RIDING CENTER,<br><br>　　Defendant and Respondent. | A138340<br><br><br>(Alameda County<br>Super. Ct. No. HG-11-601258) |

Barbara Soules appeals from the trial court's order denying her motion for attorney fees pursuant to Code of Civil Procedure section 1021.5.[1]  We affirm.

## BACKGROUND[2]

On April 26, 2011, Soules was one of five members of the board of directors (board) of respondent Hoofprints on the Heart Adaptive Riding Center, a California nonprofit public benefit corporation offering programs with horses for students with disabilities.  The other four members of the board held a meeting, excluded Soules from that meeting, and voted to remove her from the board.

---

[1]　All undesignated section references are to the Code of Civil Procedure.

[2]　As the trial court's findings on the merits of the petition are not challenged on appeal, we accept the facts set forth in its statement of decision granting Soules's petition.  (See *City of Merced v. American Motorists Ins. Co.* (2005) 126 Cal.App.4th 1316, 1322-1323.)

Soules filed a petition for writ of mandate challenging this action. The trial court ruled in Soules's favor, finding neither respondent's bylaws nor the Corporations Code permitted the exclusion of a board member from a meeting of the board, and therefore Soules's removal at such a meeting was improper. The trial court directed respondent to reinstate Soules as a member of the board.

Soules subsequently sought attorney fees pursuant to section 1021.5. The trial court declined to award fees, finding "[t]he action did not result in the enforcement of an important right affecting the public interest" and "conferred no significant nonpecuniary benefit on the general public or a large class of persons." This appeal followed.

DISCUSSION

Section 1021.5 is designed " ' ". . . to encourage suits enforcing important public policies by providing substantial attorney fees to successful litigants in such cases." ' [Citations.] [¶] A court may award attorney fees under section 1021.5 only if the statute's requirements are satisfied. Thus, a court may award fees only to 'a successful party' and only if the action has 'resulted in the enforcement of an important right affecting the public interest . . . .' [Citation.] Three additional conditions must also exist: '(a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.' " . . . In deciding whether to award fees, the court 'must realistically assess the litigation and determine, from a practical perspective, whether or not the action served to vindicate an important right so as to justify an attorney fee award under a private attorney general theory.' [Citation.]" (*Vasquez v. State of California* (2008) 45 Cal.4th 243, 250-251 (*Vasquez*).) We review the trial court's denial of attorney fees under section 1021.5 for abuse of discretion. (*Id.* at p. 251.)

The trial court's determination that Soules's petition did not result in the enforcement of an important public right or confer a significant benefit on the general

2

public was not an abuse of discretion.  While Soules broadly claims her petition impacted respondent's "governance issues," she does not discuss at all the public interest in or benefit from the only specific issue addressed in her case — the exclusion of a board member from a board of directors meeting.  As to that issue, the fact that her petition may cause respondent to conduct its board meetings differently in the future does not satisfy the public interest or significant benefit requirements of section 1021.5.  (See *LaGrone v. City of Oakland* (2011) 202 Cal.App.4th 932, 946 ["The possibility that [the employee's] lawsuit [challenging his layoff] may have conveyed a cautionary message to the City and Port about their conduct, or that it might cause them to change their practices in the future, is insufficient to satisfy the significant public benefit requirement."].)

The fact that Soules had no pecuniary interest in her position as a board member does not alter this conclusion.  Even if she intended her petition to be for the public interest, such an intent does not entitle her to attorney fees under section 1021.5.

Soules argues there has been some discussion of respondent in public meetings and letters to local newspapers.  But there is no indication this discussion was prompted by Soules's petition, nor does the discussion appear to involve respondent's exclusion of a board member from a board meeting.  Even if the public discussion did involve Soules's petition, that fact alone does not mean her petition served an important public interest or conferred a substantial benefit.

Finally, contrary to Soules's suggestion, the "catalyst theory" is not an alternative to the substantial benefit requirement.  Instead, it determines when a plaintiff is a "successful party" in a case resolved by means other than a judicial determination of the merits.  (*Vasquez, supra,* 45 Cal.4th at p. 247 [" 'catalyst theory' permits a court to award attorney fees under section 1021.5 'even when litigation does not result in a judicial resolution if the defendant changes its behavior substantially because of, and in the manner sought by, the litigation' "].)  There is no dispute Soules was the successful party; the denial of attorney fees was based on other grounds, discussed above.

3

## DISPOSITION

The order denying Soules's motion for attorney fees is affirmed. Respondent is awarded its costs on appeal.

_____
SIMONS, J.

We concur.

_____
JONES, P.J.

_____
BRUINIERS, J.